**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BRANDON McSMITH, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> POKER PRODUCTIONS, a Nevada ) <br> corporation; NBC UNIVERSAL, a ) <br> business entity form unknown; FULL ) <br> TILT POKER, a business organization, ) <br> form unknown; and DOES 1 through 10, ) <br> inclusive, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:10-cv-00870-GMN-PAL <br><br> **ORDER** |

## **INTRODUCTION**

Before the Court is Defendant Tiltware, LLC's (identified in the Complaint as "Full Tilt Poker") Motion to Dismiss (ECF No. 5). Plaintiff has failed to file a Response to Defendant's Motion.

Also before the Court, is Defendants NBC Universal, Inc. and Poker PROductions, LLC's Motion to Dismiss (ECF No. 6). Plaintiff filed an untimely Response (ECF No. 9) on December 16, 2010. Accordingly, Defendants NBC Universal, Inc. and Poker PROductions, LLC filed a Motion to Strike Plaintiff's late Response (ECF No. 10). Plaintiff filed a Response on January 31, 2011 (ECF No. 11). Defendants timely filed their Reply on February 10, 2011 (ECF No. 12).

IT IS HEREBY ORDERED that Defendant Tiltware, LLC's Motion to Dismiss (ECF No. 5) is **GRANTED**.

IT IS FURTHER ORDERED that Defendants NBC Universal, Inc. and Poker PROductions, LLC's Motion to Dismiss (ECF No. 6) and Motion to Strike (ECF No. 10)

are both **GRANTED**.

## FACTS AND BACKGROUND

This suit arises from an alleged copyright infringement of Plaintiff's copyrighted material. Plaintiff claims to have created a television game show, All Star Poker Challenge, in which the contestants play Texas Hold Em to win cash prizes and possibly a seat at the World Series of Poker Tournament. Plaintiff registered the game with Writers Guild of America West, Inc. on July 31, 2007. (Complaint ¶10 pg. 3, ECF No. 1). Plaintiff also registered the game with the United States Copyright Office on September 26, 2007. (*Id.* at ¶11). Plaintiff claims he pitched his game show idea to Defendant Poker PROductions, LLC on November 7, 2007 through an e-mail correspondence. (*Id.* at ¶19 pg. 5).

In 2009, Defendant NBC Universal, Inc. aired Face the Ace game show on television which Plaintiff alleges is substantially similar to the game show he had pitched to Poker PROductions, LLC. Based on e-mail correspondence with Poker PROductions, LLC and NBC Universal, Inc., it appears that Poker PROductions, LLC may have presented the Face the Ace game show to concept to NBC Universal, Inc. According to the Complaint, NBC Universal, Inc. has claimed that Face the Ace was owned by Full Tilt Poker when it was presented to NBC Universal, Inc. via production partner Poker PROductions, LLC. (*Id.* at ¶26 pg. 6.).

Plaintiff first filed suit in the Eighth Judicial District Court for Clark County, Nevada, Case No. A-09-598965-C; however, the state court case was dismissed with prejudice on March 31, 2010. (Motion to Dismiss, McCue Decl., Ex. C ¶6, ECF No. 6-1) Plaintiff then filed the instant suit alleging Direct, Contributory, Vicarious and Inducing Copyright Infringement. (*See* Complaint, ECF No. 1).

/ / /

# DISCUSSION

**A.      Defendant Tiltware's Motion to Dismiss**

Defendant Tiltware, LLC filed a Motion to Dismiss on September 13, 2010. (ECF No. 5).  However, Plaintiff did not file a timely Response to Defendant's Motion.  While Plaintiff titled his Response on Pacer as a Response to both Defendant Tiltware, LLC's Motion to Dismiss (ECF No. 5) and Defendants NBC Universal, Inc. and Poker Productions, LLC's Motion to Dismiss (ECF No. 6) the actual contents of the Response (ECF No. 9) do not include a response to Tiltware.  Plaintiff does not mention Defendant Tiltware's Motion to Dismiss or any of Tiltware's arguments anywhere in the Response.

Local Rule 7-2 (d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d).  As the Ninth Circuit has held, "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *see, e.g., Roberts v. United States of America*, 01-cv-1230-RLH-LRL, 2002 WL 1770930 (D. Nev. June 13, 2002).  Before dismissing a case for failing to follow local rules, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

Under the Henderson test, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Further, the Court's need to manage its docket is manifest. *See State Farm Mutual Automobile Insurance Company v. Ireland*, 2:07-cv-01541-RCJ-RJJ, 2009 WL 4280282 (D. Nev. Nov. 30, 2009).  The third factor also weighs in favor of dismissal,

1  as Plaintiff's failure to respond to Defendants' Motion has unreasonably delayed the
2  resolution of this case, and such unreasonable delay "creates a presumption of injury to
3  the defense," *Henderson*, 779 F.2d at 1423.  Further, the Court perceives Plaintiff's lack
4  of argument regarding Tiltware's Motion to Dismiss while still addressing the other
5  Defendants' arguments in his Response as an indication that Plaintiff is not interested in
6  pursuing Defendant Tiltware further in this eight month old case.  Accordingly Defendant
7  Tiltware's Motion to dismiss is GRANTED.

**B.     Defendants Poker PROductions and NBC's Motion to Strike**

Defendants Poker PROductions, LLC and NBC Universal, Inc. (hereinafter "Poker and NBC") move the Court to strike Plaintiff's 10-week late Reply to their Motion to Dismiss.  First, Poker and NBC note that Plaintiff did not file a motion requesting an extension of time as required by Local Rule 6-1 or Fed. R. Civ. Proc. 6(b)(1)(B). (*See* Local Rule 6-1 "A request made after the expiration of the specified period shall not be granted unless the moving party, attorney or other person demonstrates that the failure to act was the result of excusable neglect.").  Plaintiff now asks the Court to consider his explanation for good cause based on excusable neglect. (Response, ECF No. 9).  However, Poker and NBC argue that even if the Court considers a motion to extend time, that there was no excusable neglect in Plaintiff's untimely response.

The Ninth Circuit dictates that a district court must apply a four-factor equitable test to determine if a party's failure to meet a deadline constitutes "excusable neglect." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010).  The four factors to consider are: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Id.* (*citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 s. Ct. 1489 (1993)).

Unfamiliarity with the local rules does not constitute excusable neglect. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 113 S.Ct. 1489(1993) (stating that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect"); *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004); *Watson v. Schwarzenegger*, 347 Fed.Appx. 282 (9th Cir. 2009).

Plaintiff filed his Response two and a half months after the deadline to respond had passed. This case is at the early stages of litigation and any prejudice on Defendants to further defend this suit is not any greater because of a two month delay. Discovery has not commenced such that there is no noticeable impact on the proceedings. However, Plaintiff did not provide the Court with a lot of detail regarding the delay.

Plaintiff's attorney indicated that his paralegal had to leave the state for treatment for a serious medical condition and that the attorney did not discover that a response had not been filed until a later date. However, Plaintiff's attorney does not state when he discovered the error and how long he delayed before filing a response. Plaintiff's recitation of the events that led to his failure to respond (his paralegal failed to place this case on the list of active cases before he left) leaves a lot to be desired in the way of describing why the court should find excusable neglect. At worst, it appears that Plaintiff's counsel may have improperly allowed his paralegal to practice law without a license or failed to supervise and maintain sufficient control of cases bearing his mail. At the very least, a quick review of the docket shows that Plaintiff has been prosecuting this case with less than a diligent effort. Besides filing a late response to Defendants' Motion to Dismiss, Plaintiff has failed to file a Certificate of Interested Parties despite the demand by Court Order dated July 9, 2010 (ECF No. 4) almost eight (8) months ago. While the conduct of Plaintiff's counsel clearly demonstrates neglect, the reason provided is insufficient to find that it is excusable. Thus, although the risk of prejudice to the

1   Defendants due to the delay may only be slight, the Court does not find excusable neglect
2   and will therefore not grant an extension of time for Plaintiff to respond to Defendants'
3   Motion to Dismiss.
4       As explained above, failure to file a response to a motion constitutes consent to the
5   granting of the motion under Local Rule 7-2(d).  As the Ninth Circuit has held, "[f]ailure
6   to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*,
7   46 F.3d 52, 53 (9th Cir. 1995); *see, e.g., Roberts v. United States of America*, 01-cv-
8   1230-RLH-LRL, 2002 WL 1770930 (D. Nev. June 13, 2002).  However, before
9   dismissing a case for failing to follow local rules, the district court must weigh the five
10  factors from *Henderson* discussed above.
11      For the same reasons given above, the first three factors favor dismissal.  The
12  fourth factor, adjudicating the case on its merits, generally weighs against dismissal.  In
13  this case, however, Defendants claim that Plaintiff's instant claims have been adjudicated
14  in state court and that claims preclusion should apply.  Plaintiff admits to including a
15  claim for Copyright Infringement in the Complaint he filed in state court despite the
16  federal court's exclusive jurisdiction over such claims.  Plaintiff also admits that the state
17  court dismissed his Breach of Implied Contract claims finding "no meeting of the minds"
18  to justify and that Plaintiff's Unjust Enrichment claim was not properly pled. (ECF No. 9,
19  pg. 2).  Finally, as previously stated earlier, Plaintiff has been prosecuting this case with
20  less than a diligent effort.  In addition to the errors listed supra, Plaintiff's current federal
21  Complaint (ECF No. 1) refers to at least 12 different Exhibits claiming each are attached
22  to the Complaint; however, Plaintiff filed his Complaint without any attachments at all.
23  Therefore, it is unlikely this case could be adjudicated on the merits.
24      The fifth factor again weighs in favor of dismissal, as Plaintiff has established a
25  pattern of neglect or carelessness, failure to abide by court deadlines or following court

orders.  Imposing less drastic sanctions seems fruitless in light of these circumstances. Accordingly, Defendants' Motion to Dismiss (ECF No. 6) is **GRANTED**.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant Tiltware LLC's Motion to Dismiss (ECF No. 5) is **GRANTED**.

IT IS FURTHER ORDERED that Defendants NBC Universal, Inc. and Poker PROductions, LLC's Motion to Dismiss (ECF No. 6) and Motion to Strike (ECF No. 10) are both **GRANTED**.

Plaintiffs Complaint is **DISMISSED with prejudice**.

DATED this 7th day of March, 2011.

_____
Gloria M. Navarro
United States District Judge