# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BRANDON McSMITH, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>POKER PRODUCTIONS, a Nevada )<br>corporation; NBC UNIVERSAL, a business )<br>entity form unknown; FULL TILT POKER, )<br>a business organization, form unknown; and )<br>DOES 1 through 10, inclusive, )<br>)<br>Defendants. )<br>)<br>_____ ) | Case No.: 2:10-cv-00870-GMN-PAL<br><br>**ORDER DENYING MOTION<br>FOR RECONSIDERATION<br>[ECF 18]** |

Before the Court is Plaintiff's Motion for Reconsideration of the Court's (sic) Order Dismissing the Complaint with Prejudice. (Doc. No. 18) Defendants Poker PROductions, LLC and NBC Universal filed a timely Response on April 4, 2011. (Doc. No. 19). Plaintiff did not file a Reply. In the Order dated March 7, 2011, the Court granted Tiltware's Motion to Dismiss, granted both Poker PROductions' and NBC Universal's Motions to Strike and Motion to Dismiss, and dismissed this Complaint with prejudice. (Doc. No. 13.)

Defendants argue that the Court need not set aside its Order as it properly applied the factors set forth in *Henderson v. Duncan*. 779 F.2d 1423 (9th Cir. 1986). The Court agrees. As to the first three factors, Plaintiff failed to provide any points and authorities in his Motion for Reconsideration. As to the fourth and fifth factors, Plaintiff argues again that his copyright claim is not barred by the doctrine of res judicata and/or collateral estoppel[1] and that he never had his day in court to adjudicate his copyright claim. Plaintiff requests a

---

[1] Plaintiff previously raised this argument in his untimely Response (Doc. No. 9). However, Defendant claims that since Plaintiff's Opposition was stricken by the Court, Plaintiff is technically raising this argument for the first time in a motion for reconsideration which would be improper. Therefore, Plaintiff's argument should not be considered.

Page 1 of 3

disposition of the prior Motion to Dismiss (Doc. No. 6) on its merits.  Likewise, Defendants appear to request that the Court additionally dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted because Plaintiff is claiming copyright protection for his idea or concept for a game show but the Copyright Act of 1976 expressly excludes ideas and concepts from copyright protection. 17 U.S.C. §102.

Plaintiff McSmith does allege causes of action for Direct, Contributory and Vicarious Copyright Infringement and Inducing Copyright Infringement.  In his Complaint he explains that he "pitched the game show *concept*" to Poker PROductions, that Poker PROductions indicated that "there was a major flaw in the show *idea*," and that Defendants' "Face the Ace" show has "the same game *concept.*" (Complaint Doc. No. 1 at 19-20.)  Plaintiff clearly asserts a claim that his game show idea and concept was protected and violated or improperly appropriated by Defendants.  However, his game show idea and concept was not protectable under copyright law. *See Montz v. Pilgrim Films & Television, Inc.*, --- F.3d ---, No. 09-56954, 2011 WL 1663119, *3 (9th Cir. May 4, 2011)("Since an idea cannot be copyrighted, a concept for a film or television show cannot be protected by a copyright. 17 U.S.C.A. § 102."); *See also Kalmansohn v. J.M. Productions, Co.*, No. CV 87-5490 SVW, 1988 WL 1517050, at *2 (C.D. Cal. Jul. 18, 1998) (idea for electronic game show is not protectable under the Copyright Act); *Herwitz v. National Broadcasting Co.*, 210 F. Supp. 231, 235 (S.D.N.Y. 1962) (game show idea not protectable under act).  Plaintiff has failed to state a claim upon which relief can be granted.  Therefore, the Court's consideration of *Henderson* factors four and five in the Court's Order granting Defendants' Motion to Dismiss was not improper.

Plaintiff argues that the Court erred by granting the Motion to Dismiss Tiltware, LLC (Doc. No. 5) because he had not named Tiltware as a party in this federal case.  However,

Defendant did name "Full Tilt Poker" as a Defendant. (Doc No. 1).  The Motion to Dismiss was filed by Tiltware explaining that Tiltware is the actual name of the company that merely used "Full Tilt Poker" as a brand name, therefore Tiltware is the real party in interest, despite Plaintiff improperly identifying it as "Full Tilt Poker." (Doc. No. 5, page 2).  Plaintiff failed to file any Response to this Motion.  Plaintiff explains he did not oppose the motion to dismiss because it took Tiltware at its word that "Full Tilt Poker" was not the proper party.  However, Plaintiff never filed a motion to amend the complaint to name the proper party in interest.  Furthermore, Defendant Tiltware's Rule 12(b) Motion (Doc. No. 5) moved for a dismissal on several grounds in addition to failure to name a proper legal entity as the defendant.  It also moved to dismiss based on lack of personal jurisdiction and failure to state a claim (arguing the same lack of copyright protection addressed *supra*).  Plaintiff failed to respond to any of these arguments.  Therefore, the Court's March 7, 2011 Order granting Tiltware's Motion to Dismiss was not improper.

Accordingly, Plaintiff's Motion for Reconsideration of the Court's (sic) Order Dismissing Plaintiff's Complaint with Prejudice (Doc. No. 18) is **DENIED**.

DATED this 12th day of May, 2011.

_____
Gloria M. Navarro
United States District Judge